UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11516-RGS

ADVANCED RAD SOLUTIONS, LLC

v.

iCAD, INC., WESTERN RADIATION ONCOLOGY, and
WESTERN RADIATION ONCOLOGY MEDICAL GROUP, INC.

MEMORANDUM AND ORDER ON WESTERN RADIATION ONCOLOGY,
INC. AND WESTERN RADIATION ONCOLOGY MEDICAL GROUP, INC.'S
MOTION TO DISMISS TO LACK OF PERSONAL JURISDICTION

September 25, 2012

STEARNS, D.J.

The motion to dismiss for lack of personal jurisdiction brought by defendants Western Radiation Oncology, Inc. and Western Radiation Oncology Medical Group, Inc. (the Western Radiation defendants) will be granted.[1]  A federal court in Massachusetts exercising diversity jurisdiction – as in this case – acts as "the functional equivalent of a state court sitting in the forum state." *Ticketmaster-New York, Inc. v. Alioto*, 26 F.3d 201, 204 (1st Cir. 1994). The court's personal jurisdiction over a party

---

[1] The Western Radiation defendants appear to be alter-egos and are treated collectively as one entity for purposes of this motion.

operates within the limits set by the Massachusetts's Long Arm Statute[2] and the due process guarantees of the Fourteenth Amendment. *Id.*

For reasons that are not apparent to the court, plaintiff Advanced Rad Solutions, LLC (ARS), a Texas company with a principal place of business in Texas, and defendant iCAD, Inc., a Delaware company with a principal place of business in New Hampshire, entered into a contact providing that their agreement "shall be governed by, and construed and enforced in accordance with . . . the substantive laws of the Commonwealth of Massachusetts, USA as if fully performed within the Commonwealth of Massachusetts." Dkt # 6, Ex. 1 at 7.[3] Relying on this provision, ARS asserts that this court has jurisdiction over the Western Radiation defendants, namely, that they tortiously interfered with a contract that by its own terms is subject

---

[2] Mass. Gen. Laws Ch. 223A, § 3 provides in part that "[a] court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a cause of action in law or equity arising from the person's

    (a) transacting any business in this commonwealth;
    (b) contracting to supply services or things in this commonwealth;
    (c) causing tortious injury by an act or omission in this commonwealth;
    (d) causing tortious injury in this commonwealth by an act or omission outside this commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in this commonwealth . . . .

[3] The contract contains a similar term vesting forum in the state or federal courts of Massachusetts.

to the laws of Massachusetts.

ARS misses the mark. A contract is binding only on the contracting parties, and the Western Radiation defendants are not, nor have ever been, a party to the ARS-iCAD contract. The contract's legal fiction that it is "as if fully performed within the Commonwealth of Massachusetts" has no bearing on whether a non-contracting third-party can by extension be made to submit to personal jurisdiction in the Massachusetts courts. The Western Radiation defendants are California companies with a principal place of business in California. ARS has not alleged that the Western Radiation defendants have had any meaningful contacts with Massachusetts. Specifically, ARS does not allege that the Western Radiation defendants performed "an act or omission in this commonwealth" that relates to the contract, or that ARS (which has not alleged any contacts with Massachusetts other than as a forum in which to enforce the agreement) suffered any "tortious injury in this commonwealth" as a result of the Western Radiation defendants' acts or omissions. *See* Mass. Gen. Laws ch. 233A, § 3. Because ARS cannot satisfy the Massachusetts Long Arm Statute, the court does not have personal jurisdiction over the Western Radiation defendants.[4]

---

[4] The court further notes that the agreement's forum selection clause is not binding on the court for purposes of venue, *see* 28 U.S.C. § 1391, and it is unclear whether it is even binding on the parties. *Cf. Boland v. George S. May Int'l Co.*, 81 Mass. App. Ct. 817, 823-824 (2012), citing *Rivera v. Centro Medico de Turbado, Inc.*, 575 F.3d 10, 17-18 (1st Cir. 2009).

ORDER

For the foregoing reasons, the Western Radiation defendants' motion to dismiss for lack of personal jurisdiction is ALLOWED.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE